UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KICK ASS PICTURES, INC.,      )
    Plaintiff,              )
                    )
        v.               )      C.A. No. 12-10810-MLW
                    )
DOES 1-25,                    )
    Defendants               )

MEMORANDUM AND ORDER

WOLF, D.J.                                    January 4, 2013

Plaintiff Kick Ass Pictures, Inc., is a California corporation and the owner of a copyrighted adult movie (the "Movie"). Plaintiff alleges that each of the 25 unknown "Doe" defendants in this case infringed on its copyright by reproducing and distributing at least a portion of the Movie through the Internet peer-to-peer file-sharing software BitTorrent. Plaintiff has identified the defendants by the Internet Protocol ("IP") addresses assigned to each defendant by their Internet Service Providers ("ISPs") in Massachusetts. Plaintiff has filed an Emergency Ex Parte Motion for Early Discovery (Docket No. 4), seeking to subpoena the respective ISPs to obtain identifying information regarding defendants.

This case is one of several filed in this district in which adult video companies, represented by the same counsel, seek relief from unknown Doe defendants for alleged copyright violations. See, e.g., Third Degree Films v. Does 1-47, --- F.R.D. ----, 2012 WL 4498911 (D. Mass. Oct. 2, 2012) (Young, J.); New Sensations, Inc. v. Does 1-201, No. 12-cv-11720-RGS, 2012 WL 4370864 (D. Mass. Sep. 21, 2012) (Stearns, J.) ("New Sensations I"); Discount Video Ctr.,

Inc. v. Does 1-29, 2012 WL 5464175 (D. Mass. Nov. 7, 2012)
(Sorokin, M.J.); Exquisite Multimedia, Inc. v. Does 1-35, No.
12-cv-10813-MLW. These cases are similar to others filed by film
companies and copyright holders in many districts. See, e.g.,
Liberty Media Holdings LLC v. BitTorrent Swarm, 277 F.R.D. 672
(S.D. Fla. 2011); Hard Drive Prods., Inc. v. Does 1-188, 809 F.
Supp. 2d 1150 (N.D. Cal. 2011); Call of the Wild Movie, LLC v. Does
1-1,062, 770 F. Supp. 2d 332 (D.D.C. 2011); Digital Sin, Inc. v.
Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012). Some commentators have
characterized such cases as "copyright trolling" -- cases in which
a copyright holder files a mass copyright infringement lawsuit and
subpoenas identifying information for anonymous Doe defendants,
intending to send demand letters and achieve prompt settlements for
limited amounts rather than intending to actually litigate the
claims asserted. See Third Degree Films, 2012 WL 4498911, at *1
(and sources cited); see also Discount Video Ctr., 2012 WL 5464175,
at *1-*4 (after hearing, denying motion for ex parte discovery and
noting that plaintiffs did not appear interested in amending and
serving complaint on defendants, but rather were interested in
disclosure of names of ISP subscribers so as to settle or dismiss
claims on an informal basis).

    Many courts have considered whether joinder of unidentified
Doe defendants in similar Internet file-sharing cases is
permissible under the Federal Rules of Civil Procedure. See, e.g.,

2

Third Degree Films, 2012 WL 4498911, at *1-*6; see also Liberty
Media Holdings, 277 F.R.D. at 675; Hard Drive Prods., 809 F. Supp.
2d at 1159-65; Call of the Wild Movie, 770 F. Supp. 2d at 342-45;
Digital Sin, 279 F.R.D. at 243-44. Pursuant to Federal Rule of
Civil Procedure 20(a)(2), permissive joinder of defendants is
proper if: "(A) any right to relief is asserted against them
jointly, severally, or in the alternative with respect to or
arising out of the same transaction, occurrence, or series of
transactions or occurrences; and (B) any question of law or fact
common to all defendants will arise in the action." In cases of
misjoinder, Federal Rule of Civil Procedure 21 provides that "[o]n
motion or on its own, the court may at any time, on just terms, add
or drop a party. The court may also sever any claim against a
party." If joinder is permissible under Rule 20(a), a court may
nevertheless take measures to protect defendants from possible
prejudice or unfairness, including by severing them under Federal
Rule of Civil Procedure 20(b), which states that the "court may
issue orders — including an order for separate trials — to protect
a party against embarrassment, delay, expense, or other prejudice
that arises from including a person against whom the party asserts
no claim and who asserts no claim against the party." Similarly,
under Federal Rule of Civil Procedure 42(b), a "court may order a
separate trial of one or more separate issues, claims, crossclaims,
counterclaims, or third-party claims" for a variety of reasons,

including "avoid[ing] prejudice."

Meaningful questions relating to joinder are presented by the instant case. First is the question of whether, on the alleged facts of this case, joinder is permissible. Compare New Sensations, Inc. v. Does 1-201, 12-11720-RGS, Electronic Order (Oct. 10, 2012) ("New Sensations II") (concluding defendants in BitTorrent copyright infringement case not properly joined, severing all defendants but Doe 1, and dismissing remaining Does without prejudice); Liberty Media Holdings, 277 F.R.D. at 675-76 (holding joinder improper under Rule 20(a) due to nature of BitTorrent file sharing, and severing and dismissing all defendants except Doe 1); Hard Drive Prods., 809 F. Supp. 2d at 1159-65 (same) with Call of the Wild Movie, 770 F. Supp. 2d at 342-45 (concluding joinder of defendants in BitTorrent copyright infringement case permissible under Rule 20(a)); Digital Sin, 279 F.R.D. at 243-44 (same); see also Third Degree Films, 2012 WL 4498911, at *3-*6.[1]

Second is the question of whether, if joinder is permissible, the court should exercise its discretion to sever all defendants. See, e.g., Third Degree Films, 2012 WL 4498911, at *6-*10 (concluding that although joinder of defendants in BitTorrent copyright infringement case was permissible under Rule 20(a), the

---

[1] For more cases discussing the split of authority in federal courts regarding joinder of defendants in such cases, see Patrick Collins, Inc. v. Does 1-23, No. JFM 8:12-cv-00087, 2012 WL 1144918, at *3 (D. Md. Apr. 4, 2012) (and cases cited).

court should sever all defendants under the protective measures provision of Rule 20(b)); see also Hard Drive Prods., 809 F. Supp. 2d at 1164-65 (stating that even if the court had determined that joinder was proper in BitTorrent copyright infringement case, the court would have found it appropriate to exercise its discretion to sever and dismiss all but one Doe defendant in the interest of justice to avoid causing prejudice and unfairness to other defendants); Liberty Media Holdings, 277 F.R.D. at 676 (same).

Third are the related questions, if joinder is permissible but severance is justified, whether the court has the authority to dismiss all other defendants besides Doe 1 and require filing of separate lawsuits against them, and, if so, whether the court should do so. See, e.g., Third Degree Films, 2012 WL 4498911, at *1-*10 (severing Doe defendants in BitTorrent copyright infringement case and dismissing all defendants except Doe 1 without prejudice to refiling in separate actions); Hard Drive Prods., 809 F. Supp. 2d at 1164-65 (same); Liberty Media Holdings, 277 F.R.D. at 675-76 (same); see also New Sensations II, 12-11720-RGS, Electronic Order (Oct. 10, 2012) (same).

Accordingly, it is hereby ORDERED that:

1. By January 31, 2012, the plaintiff shall file a memorandum and supporting affidavits addressing the foregoing questions and seeking to show cause why its claims against each unidentified defendant except "Doe 1" should not be dismissed without prejudice

to being refiled as individual cases. <u>See, e.g.</u>, <u>Third Degree Films v. Does 1-47</u>, --- F.R.D. ----, 2012 WL 4498911, *6-*10 (D. Mass. Oct. 2, 2012); <u>New Sensations, Inc. v. Does 1-201</u>, 12-11720-RGS, Electronic Order (Oct. 10, 2012); <u>Liberty Media Holdings LLC v. BitTorrent Swarm</u>, 277 F.R.D. 672, 675-76 (S.D. Fla. 2011); <u>Hard Drive Prods., Inc. v. Does 1-188</u>, 809 F. Supp. 2d 1150, 1158-65 (N.D. Cal. 2011).

2. Plaintiff's Emergency Ex Parte Motion for Early Discovery (Docket No. 4) is DENIED without prejudice to resubmission pending resolution of the issues described in this Memorandum and Order.

<u>    /s/ Mark L. Wolf    </u>
UNITED STATES DISTRICT JUDGE