UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KICK ASS PICTURES, INC.,<br>    Plaintiff,<br><br>    v.<br><br>DOES 1-25,<br>    Defendants | )<br>)<br>)<br>)   C.A. No. 12-10810-MLW<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                              April 12, 2013

On May 4, 2012, plaintiff Kick Ass Pictures, Inc., filed the instant action pursuant to the United States Copyright Act, 17 U.S.C. §101, for the alleged infringement of its copyright in the motion picture "Cum Eating Cuckolds 17" (the "Motion Picture"). The complaint alleges that defendants "Does 1-25" engaged in illegal file sharing of the Motion Picture through the Internet peer-to-peer file-sharing software BitTorrent. Each of the 35 unknown "Doe" defendants have been identified by the Internet Protocol addresses assigned to each defendant by their Internet Service Providers ("ISPs") in Massachusetts.

On May 7, 2012, plaintiff filed an Emergency Ex Parte Motion for Early Discovery (the "Motion for Early Discovery"), seeking to subpoena the respective ISPs to obtain identifying information regarding defendants. Raising several questions relating to the joinder of the 35 "Doe" defendants, on January 4, 2013, the court denied without prejudice the Motion for Early Discovery and ordered plaintiff, by January 31, 2012, to "file a memorandum and supporting affidavits addressing the . . . [joinder] questions and

seeking to show cause why its claims against each unidentified defendant except 'Doe 1' should not be dismissed without prejudice to being refiled as individual cases." Jan. 4, 2013 Memorandum and Order (the "2013 Order"). The court noted that plaintiff could resubmit the Motion for Early Discovery after resolution of the joinder questions. See id.

As of April 12, 2013, plaintiff had not responded to the 2013 Order. Plaintiff, therefore, has not addressed the questions of joinder raised by the court, identified any of the 35 unknown "Doe" defendants, or served defendants with process as required Federal Rule of Civil Procedure 4 and by Local Rule 5.1. Therefore, the court is dismissing this case without prejudice for lack of prosecution.

"The authority of a [district] court to dismiss sua sponte for lack of prosecution . . . [is] an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditions disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). "[T]his power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant." Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977). However, such dismissals are "drastic sanctions, which should be employed only when the district court, in the careful exercise of its discretion,

determines that none of the lesser sanctions available would truly be appropriate." Id.

Failing to "ma[k]e service of process on the defendants . . . in itself suffices for a finding of lack of prosecution." Tyree v. Fair, No. 92-1742, 1993 WL 88958, at *3 (1st Cir. 1993) (affirming district court's dismissal for lack of prosecution). Plaintiff's disobedience of the 2013 Order persuades the court that plaintiff would rather abandon this action than address the issues raised by the court, which must be resolved before this case can proceed.

In view of the foregoing, it is hereby ORDERED that this case is DISMISSED without prejudice.

/s/ _____
UNITED STATES DISTRICT JUDGE